# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **ANDRE L. JACKSON** | * | Case No. |
| 3651 Wyckliffe Parkway | | |
| Toledo, Ohio  43613 | * | Judge |
| Plaintiff, | | |
| v. | * | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| **CLINIC SECURITY &** | * | |
| **LOGISTICS INC. aka and/or dba** | | Francis J. Landry   (0006072) |
| **FULL CIRCLE OF OHIO** | * | **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP** |
| 4977 Northcutt Place | | |
| Dayton, Ohio  45414 | * | 1090 W. South Boundary St Suite 500 |
| Defendant. | | |
| | * | Perrysburg, Ohio 43551 |
| | | Telephone:  (419) 243-1239 |
| | * | Facsimile:  (419) 243-2719 |
| | | Email: FLandry308@aol.com |
| | * | Attorney for Plaintiff |
| | | Andre L. Jackson |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 known as the Court's federal question jurisdiction. This is a civil action brought pursuant to the Civil Rights Act of 1866, 1871, 42 U.S.C. Section 1981 seeking damages and injunctive relief for racial discrimination in employment.  Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. Section 1367 for a claim of breach of employment contract under Ohio common law.

## PARTIES

2. Plaintiff, Andre L. Jackson ("Plaintiff"), is a resident of the City of Toledo, County of Lucas, State of Ohio, who was employed by Defendant at its Lima, Ohio facility during his tenure of employment from October 4, 2021 until October 19, 2021.

3. Defendant, is a corporation duly organized under Ohio law which at all times material hereto operated a drug rehab facility in the City of Lima, County of Allen, State of Ohio, where Plaintiff was employed.

## NATURE OF THE CASE

4. Plaintiff brings this action for injunctive relief and money damages for racial harassment and discrimination. Defendant terminated him from employment based on racial discrimination. Plaintiff also bring a related claim under Ohio common law for breach of contract.

## FACTS COMMON TO ALL CLAIMS

5. Plaintiff is an African-American individual. On August 26, 2021, Plaintiff signed a written employment agreement with Defendant for the title of Director of Facilities. Plaintiff began his tenure of employment on October 4, 2021.

6. Almost immediately, Plaintiff was mistreated and treated much more harshly than other white employees. Plaintiff observed upper managers hold meetings with the new managerial staff while his responsibilities were never discussed. Plaintiff was never given any keys and was scolded for not keeping up. He was excluded from meetings. Further the owner constantly asked Plaintiff if he know how to do different electrical work and then proceeded to ridicule Plaintiff in front of others when Plaintiff responded that he was not "hands on." Plaintiff was not given a maintenance man and he was refused when he requested to use an outside contractor. The owner also told Plaintiff's employee that she would now answer to someone else other than Plaintiff in front of

staff and clients. When Plaintiff interviewed, he informed Defendant that he was not hands on, yet he was told that he was the best interviewee and hired for $70,000.00 per year the next day after his interview. Plaintiff was never granted his request to discuss expectations with Defendant.

7. During his employment, there were many unprofessional comments made about Plaintiff directly and indirectly during meetings when Plaintiff was present.

8. Plaintiff states that he worked with several other staff with a former common employer because he started employment with Defendant. Plaintiff states that there were racial issues with those white employees where were also in Defendant's management.

9. After working only eleven days on the job and despite receiving no direction, the Defendant's owner advised Plaintiff that he was not up to the job in Lima, Ohio and terminated his Administrative Management position on October 19, 2022 telling Plaintiff in a demeaning way that he could work as a maintenance man in Findlay, Ohio at a severely reduced wage rate.

10. Similarly situated white members of management were much more favorably treated. Plaintiff states that upon information and belief that he was replaced by a white person and/or that his termination permitted the retention of white employees.

## FIRST CLAIM FOR RELIEF
## 42 USC 1981, Racial Discrimination

11. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through ten (10) of this Complaint, supra, by reference in its entirety as if fully restated herein.

12. Plaintiff is an African-American individual. Plaintiff began his tenure of employment with Defendant on October 4, 2021. Almost immediately, Plaintiff was mistreated and treated much more harshly than other white employees. Plaintiff observed upper managers hold meetings with the new managerial staff while his responsibilities were never discussed. Plaintiff was never given

any keys and was scolded for not keeping up. He was excluded from meetings. Further the owner constantly asked Plaintiff if he know how to do different electrical work and then proceeded to ridicule Plaintiff in front of others when Plaintiff responded that he was not "hands on." Plaintiff was not given a maintenance man and he was refused when he requested to use an outside contractor. The owner also told Plaintiff's employee that she would now answer to someone else other than Plaintiff in front of staff and clients. When Plaintiff interviewed, he informed Defendant that he was not hands on, yet he was told that he was the best interviewee and hired for $70,000.00 per year the next day after his interview. Plaintiff was never granted his request to discuss expectations with Defendant.

13. Plaintiff states that he was qualified for the position for which he was hired based on his background and experience.

14. Almost immediately, Plaintiff was mistreated and treated much more harshly than other white employees. Plaintiff observed upper managers hold meetings with the new managerial staff while his responsibilities were never discussed. Plaintiff was never given any keys and was scolded for not keeping up. He was excluded from meetings. Further the owner constantly asked Plaintiff if he know how to do different electrical work and then proceeded to ridicule Plaintiff in front of others when Plaintiff responded that he was not "hands on." Plaintiff was not given a maintenance man and he was refused when he requested to use an outside contractor. The owner also told Plaintiff's employee that she would now answer to someone else other than Plaintiff in front of staff and clients. When Plaintiff interviewed, he informed Defendant that he was not hands on, yet he was told that he was the best interviewee and hired for $70,000.00 per year the next day after his interview. Plaintiff was never granted his request to discuss expectations with Defendant.

15. During his employment, there were many unprofessional comments made about Plaintiff directly and indirectly during meetings when Plaintiff was present.

16. Plaintiff states that he worked with several other staff with a former common employer because he started employment with Defendant. Plaintiff states that there were racial issues with those white employees where were also in Defendant's management.

17. After working only eleven days on the job and despite receiving no direction, the Defendant's owner advised Plaintiff that he was not up to the job in Lima, Ohio and terminated his Administrative Management position on October 19, 2022 telling Plaintiff in a demeaning way that he could work as a maintenance man in Findlay, Ohio at a severely reduced wage rate.

10. Similarly situated white members of management were much more favorably treated. Plaintiff states that upon information and belief that he was replaced by a white person and/or that his termination permitted the retention of white employees.

18. In subjecting Plaintiff to different terms and conditions of employment and in terminating Plaintiff, Defendant has intentionally discriminated against him on the basis of his race in violation of 42 U.S.C. Section 1981.

19. As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity, and great mental, and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Breach of Contract-Ohio law**

20. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through nineteen (19) of this Complaint, supra, by reference in its entirety as if fully restated herein.

21. Plaintiff states that he was employed by Defendant pursuant to a written contract of employment a copy of which is hereto annexed and marked as Exhibit A and specifically incorporated by reference as if fully restated herein.

22. Plaintiff states that pursuant to this contract he was to serve as Defendant's Director of Facilities in Lima, Ohio and was to be compensated at the rate of $70,000.00 per annum.

23. Pursuant to this contract, the Defendant reserved the right to terminate Plaintiff for just cause at any time without notice. Plaintiff states that on October 19, 2021, he was summarily terminated from his position in breach of his employment contract.

19. As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity, and great mental, and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff prays for an order reinstating him to his position with Defendant with full back pay, seniority and benefits, or in the alternative, for an award of front pay in lieu of reinstatement. Plaintiff further demands a judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

  S/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Andre L. Jackson

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

/S/Francis J. Landry
Francis J. Landry