UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andre Jackson,                                              Case No. 3:22-cv-985

               Plaintiff,

       v.                                                    MEMORANDUM OPINION
                                                                AND ORDER

Clinic Security & Logistics, Inc.,

               Defendant.

## I. INTRODUCTION

Defendant Clinic Security & Logistics, Inc. ("CSL") has filed a motion to dismiss the claims asserted by Plaintiff Andre Jackson. (Doc. No. 5). Jackson filed a brief in opposition to CSL's motion, (Doc. No. 6), and CSL filed a brief in reply. (Doc. No. 7). Jackson also filed a motion for leave to file an amended complaint. (Doc. No. 8). CSL did not file a response to the motion for leave to amend, and the time for doing so has passed.

For the reasons stated below, I deny Jackson's motion for leave and grant CSL's motion to dismiss.

## II. BACKGROUND

In August 2021, Jackson was hired by CSL to be the company's Director of Facilities, responsible for "managing all housing, facilities, and maintenance needs for all current and future properties owned and maintained by Full Circle Recovery[1]." (Doc. No. 1-1 at 1). Jackson alleges he

---

[1] Full Circle Recovery Services is a fictitious name CSL has registered with the Secretary of State of Ohio.

began working for CSL on October 4, 2021, where, "[a]lmost immediately, [he] was mistreated and treated much more harshly than other white employees." (Doc. No. 1 at 1). He further alleges:

> Plaintiff observed upper managers hold meetings with the new managerial staff while his responsibilities were never discussed. Plaintiff was never given any keys and was scolded for not keeping up. He was excluded from meetings. Further the owner constantly asked Plaintiff if he [knew] how to do different electrical work and then proceeded to ridicule Plaintiff in front of others when Plaintiff responded that he was not "hands on." Plaintiff was not given a maintenance man and he was refused when he requested to use an outside contractor. The owner also told Plaintiff's employee that she would now answer to someone else other than Plaintiff in front of staff and clients. When Plaintiff interviewed, he informed Defendant that he was not hands on, yet he was told that he was the best interviewee and hired for $70,000.00 per year the next day after his interview. Plaintiff was never granted his request to discuss expectations with Defendant.
>
> During his employment, there were many unprofessional comments made about Plaintiff directly and indirectly during meetings when Plaintiff was present. Plaintiff states that he worked with several other staff with a former common employer because he started employment with Defendant. Plaintiff states that there were racial issues with those white employees [who] were also in Defendant's management.
>
> After working only eleven days on the job and despite receiving no direction, the Defendant's owner advised Plaintiff that he was not up to the job in Lima, Ohio and terminated his Administrative Management position on October 19, 2022[,] telling Plaintiff in a demeaning way that he could work as a maintenance man in Findlay, Ohio at a severely reduced wage rate.
>
> Similarly situated white members of management were much more favorably treated. Plaintiff states that upon information and belief that he was replaced by a white person and/or that his termination permitted the retention of white employees.

(*Id.* at 1-2).

Jackson filed suit, alleging CSL discriminated against him on the basis of his race, in violation of 42 U.S.C. § 1981, and also breached his employment contract. (*Id.* at 3-6). He also filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC"). (Doc. No. 8-3). After the EEOC and the OCRC issued right-to-sue letters, Jackson filed his motion for leave to file an

amended complaint, seeking to add race discrimination claims under Title VII of the Civil Rights Act of 1964 and Ohio law.  (Doc. Nos. 8 and 8-1).

### III.  STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations.  *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Factual allegations must be sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.  Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).  "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted."  *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

3

## IV. ANALYSIS

### A. MOTION TO DISMISS

CSL moves to dismiss Jackson's § 1981 claim because, it argues, he has not sufficiently alleged facts which show his race was the "but-for" cause of his termination. (Doc. No. 5 at 5). CSL further argues that, if I dismiss the § 1981 claim, I should decline to exercise supplemental jurisdiction over Jackson's breach of contract claim. (Doc. No. 5 at 8-9).

"Section 1981 prohibits intentional race discrimination in the making and enforcing of contracts with both public and private actors." *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 867-68 (6th Cir. 2001) (citing 42 U.S.C. § 1981). A § 1981 plaintiff must show: "(1) that 'he belongs to an identifiable class of persons who are subject to discrimination based on their race;' (2) that 'the defendant intended to discriminate against him based on his race;' and (3) that 'the defendant's discriminatory conduct abridged his right to contract.'" *Gray v. AutoZoners, LLC*, No. 22-1069, 2022 WL 16942609, at *3 (6th Cir. Nov. 15, 2022) (quoting *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006)).

In order to prevail on this claim, Jackson "must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). In this context, the "but-for" causation standard requires Jackson to plead facts which tend to show he was treated differently than a white employee "on account of," "by reason of," or "because of" his race. *Id.* at 1015-16 (citations and internal quotation marks omitted).

Jackson's complaint do not meet this standard, because he does not plead facts which connect his treatment and ultimate termination by CSL to his race, much less that his race was the but-for cause of these adverse actions. Jackson states CSL "intentionally discriminated against him on the basis of his race," but this is only a legal conclusion. He attempts to buttress this assertion by

4

alleging generally that "[s]imilarly situated white members of management were much more favorably treated," but this statement is no more than a legal conclusion masked as a factual allegation. *See Iqbal*, 556 U.S. at 679 (discussing allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth").

Jackson's allegations plausibly establish a pattern of mismanagement by CSL's executives. (*See* Doc. No. 1 at 2). But he does not allege any facts which would permit a factfinder to "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that this conduct was based on or because of Jackson's race. *Cf. Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (reversing district court's Rule 12(b)(6) dismissal of plaintiff's § 1981 claim where plaintiff "detail[ed] several specific events" in which plaintiff allegedly was "treated differently than her Caucasian management counterparts").

Jackson contends CSL offers an incorrect statement of the law applicable to his claim, arguing CSL "seems to indicate that race must be the sole reason for Plaintiff's termination under a but[-]for causation standard . . . . However, that is not the standard for but[-]for causation, as there may be many 'but[-]for' reasons, both discriminatory and non-discriminatory." (Doc. No. 6 at 7). Jackson's argument is not persuasive. The Supreme Court specifically addressed this point in *Comcast*:

> The guarantee that each person is entitled to the "same right ... as is enjoyed by white citizens" directs our attention to the counterfactual – what would have happened if the plaintiff had been white? This focus fits naturally with the ordinary rule that a plaintiff must prove but-for causation. If the defendant would have responded the same way to the plaintiff even if he had been white, an ordinary speaker of English would say that the plaintiff received the 'same' legally protected right as a white person. Conversely, if the defendant would have responded differently but for the plaintiff's race, it follows that the plaintiff has not received the same right as a white person.

*Comcast*, 140 S. Ct. at 1015.

In order to state a § 1981 claim, Jackson must allege that CSL intended to discriminate against him because of his race. *Id.* at 1019; *Amini*, 440 F.3d at 358. His factual allegations, when

5

taken as true, do not support a plausible claim of race discrimination under § 1981. Therefore, I grant CSL's motion to dismiss this claim.

In his opposition brief, Jackson requested that I grant him leave to amend his complaint before dismissing his claims. (Doc. No. 6 at 8). Then, after CSL filed its reply brief, Jackson filed a formal motion for leave to amend. (Doc. No. 8). But Jackson did not indicate, along with either request, the basis for any amendments to his § 1981 claim. Requests for leave to amend the complaint under Rule 15(a) are governed by Rule 7, which requires that the motion "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). *See also Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 853 (6th Cir. 2006) (upholding district court denial of motion for leave to amend where plaintiff did not provide "grounds or a proposed amended complaint to support her request"). The proposed amended complaint does not offer any new or supplemental factual allegations to support his § 1981 claim. (*See* Doc. No. 8-1). Thus, Jackson fails to meet his burden to show that granting leave to amend would be appropriate. Therefore, I deny his motion for leave to amend his § 1981 claim.

      **B.**      **PROPOSED TITLE VII AND STATE LAW RACIAL DISCRIMINATION CLAIMS**

As I noted above, Jackson filed a motion for leave to amend his complaint. He asserts he received right to sue letters from the OCRC and the EEOC and seeks leave to add claims of race discrimination under Title VII and Chapter 4112 of the Ohio Revised Code.[2] (Doc. No. 8). The factual allegations underlying those claims are identical to the factual allegations in his original complaint. (*See* Doc. No. 8-1 at 7-11).

Title VII imposes a lower burden for race discrimination claims than § 1981, prohibiting an employer from using an employee's race as a "'motivating factor for any employment practice.'"

---

[2] Claims under Title VII and Ohio Revised Code Chapter 4112 are evaluated under the same standard. *See, e.g., Staunch v. Cont'l Airlines, Inc.*, 511 F.3d 625, 631 (6th Cir. 2008) (citations omitted).

*Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003) (quoting 42 U.S.C. § 2000e-2(m)). But Jackson's conclusory allegations do not satisfy this standard either. Jackson again alleges "[a]lmost immediately [after he began working for CSL, he] was mistreated and treated much more harshly than other white employees" and that "[s]imilarly situated white members of management were much more favorably treated." (Doc. No. 8-1 at 8-9).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Complaints that offer "naked assertions devoid of further factual enhancement" are insufficient. *Iqbal*, 556 U.S. at 678 (citation, quotation marks, and alteration marks omitted).

But these allegations are all Jackson offers on the critical question of whether CSL intentionally discriminated against him based on his race. His factual allegations, taken as true, plainly establish he was treated poorly throughout his brief tenure at CSL. Yet, his conclusory allegations that at least one unidentified white management employee was treated better than him offers no more than "a sheer possibility that [CSL] has acted unlawfully," *id.*, by treating him poorly because of his race. A Title VII "disparate treatment claim obligates the plaintiff to show discriminatory intent or motive for a *particular* adverse employment decision." *Huguley v. Gen. Motors Corp.*, 52 F.3d 1364, 1371 (6th Cir. 1995) (citing *Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324, 335–36 n.15 (1977)) (emphasis in original). Jackson has not offered sufficient factual allegations to support his legal conclusion that CSL intentionally discriminated against him because of his race.

A plaintiff's proposed amendments to the complaint are futile if those amendments "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). I conclude Jackson's proposed race discrimination claims

7

under Title VIII and Ohio Revised Code Chapter 4112 could not withstand a Rule 12(b)(6) motion and, therefore, I deny his motion for leave to amend his complaint.

### C. BREACH OF CONTRACT CLAIM

In cases where a district court has original jurisdiction over a plaintiff's claims pursuant to 28 U.S.C. § 1331, § 1367 provides the court with "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). When the court "has dismissed all claims over which it has original jurisdiction," the court "may decline to exercise supplemental jurisdiction" over the plaintiff's remaining state law claims. *Id.* § 1367(c)(3). When the plaintiff's federal-law claims have been dismissed under Rule 12(b)(6), "there is a strong presumption in favor of dismissing supplemental claims." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (citing cases). This presumption may be overcome in "unusual circumstances," such as where a party would suffer prejudice. *Id.* (citation and internal quotation marks omitted). I conclude no such circumstances exist in this case and decline to exercise supplemental jurisdiction over Jackson's remaining breach of contract claim.

### V. CONCLUSION

For the reasons stated above, I deny Jackson's motion for leave to amend his complaint, (Doc. No. 8), grant CSL's motion to dismiss Jackson's § 1981 claim, (Doc. No. 5), and decline to exercise supplemental jurisdiction over Jackson's breach of contract claim.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge